IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **NORBERTO PANDO ARANDA,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Cause No. EP-24-CV-251-DCG |
| § | | |
| **WARDEN, FCI La Tuna Camp,** § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Norberto Pando Aranda, federal prisoner number 18311-051, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His petition is dismissed without prejudice for his failure to comply with a court order and his failure to prosecute.

## BACKGROUND

Aranda is a 71-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* www.bop.gov/inmateloc (search for Reg. 18311-051, last visited Nov. 1, 2024). His projected release date is January 5, 2031. *Id.*

Aranda pleaded guilty to a one-count indictment charging him with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). *United States v. Aranda*, 4:14-cr-629-DC (W.D. Tex.), J. Crim. Case, ECF No. 40. He was sentenced to the statutorily required minimum sentence of 240 months' confinement. *Id.*; *see* Presentence Investigation, ECF No. 199 at ¶ 118. His direct appeal was dismissed by the Fifth Circuit Court of Appeals for want of prosecution. *Id.*, J. & Mandate, ECF No. 243. He was subsequently warned that filing "frivolous appeals in the future will subject him to sanctions." *United States v. Aranda*, 186 F. App'x 492 (5th Cir. 2006).

In his § 2241 petition, Aranda maintains the First Step Act (FSA) mandates that inmates like him should receive "Unlimited Home Confinement / Halfway House time." Pet'r's Pet., ECF No. 1 at 6. He also complains about the quality of the water and the excessive heat at FCI La Tuna. *Id*. He concedes he has not exhausted his administrative remedies. *Id.* at 2–4. He asks the Court to intervene on his behalf and order Respondent Warden to "COMPLY with Congressional Design in FSA and place Petitioner in RRC/Home Confinement to cease ongoing Civil Rights violations." *Id.* at 7.

## APPLICABLE LAW

A prisoner does not have an "absolute 'right' to proceed in a civil action without paying a filing fee." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997) (citing *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015)). When a prisoner seeks relief through a § 2241 petition, he must pay the District Clerk a $5 filing fee. 28 U.S.C. 1914(a). In the alternative, he may apply to the court for permission to proceed without paying the filing fee with an affidavit disclosing all his assets and showing he is unable to pay the fee. *See* 28 U.S.C. 1915(a)(1).

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court's authority under Rule 41(b) flows from its "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The court's authority is not diluted by a party proceeding *pro se*, as "'[t]he right to self-representation does not exempt a party from compliance with relevant rules

of procedural and substantive law.'" *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

## ANALYSIS

Aranda did not arrange to pay the $5.00 filing fee or apply to proceed without prepaying fees (*in forma pauperis*) when he filed his petition on July 22, 2024. He was accordingly ordered on August 8, 2024, to either (1) pay the filing fee or (2) apply to proceed *in forma pauperis* within twenty-one days of the entry of the order. Order, ECF No. 2. He was warned that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him pursuant to Federal Rule of Civil Procedure 41(b). *Id*. (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)). He did not comply or make any effort to communicate with the Court.

## CONCLUSIONS AND ORDERS

The Court concludes that Aranda has failed to comply with a court order and has failed to prosecute his cause. It further concludes his petition is therefore subject to *sua sponte* dismissal. *See Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) ("District courts have the … 'inherent power' ... to dismiss cases with prejudice for failure to prosecute."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the [petitioner] fails to comply with court orders."); *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("Because [Petitioner] failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion."). The Court accordingly enters the following orders:

**IT IS ORDERED** that Norberto Pando Aranda's *pro se* "Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

    **IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

    **IT IS FINALLY ORDERED** that Norberto Pando Aranda's case is **CLOSED**.

    **SIGNED** this 1st day of November 2024.

    **DAVID C GUADERRAMA**
    **SENIOR UNITED STATES DISTRICT JUDGE**